Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICINN INTERNATIONAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MATAJ12 CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No.: 21-12455 (ES) (LDW) <br><br> OPINION |

SALAS, DISTRICT JUDGE

Before the Court is Plaintiff AmericInn International, LLC's motion for default judgment against defendants Mataj12 Corporation ("Mataj12"), Arvindkumar Patel ("A. Patel"), and Sejalben Patel ("S. Patel") (collectively, "Defendants"). (D.E. No. 8). The motion is unopposed. The Court has considered Plaintiff's submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court GRANTS the motion.

I.   BACKGROUND

On September 12, 2018, Plaintiff entered into a franchise agreement (the "Franchise Agreement") with Mataj12 for the operation of a guest lodging facility located at 720 East Harbor Street, Oscoda, Michigan 48750, for a fifteen-year term. (D.E. No. 1 ("Compl.") ¶¶ 11, 13 & Exhibit ("Ex.") A). Also on September 12, 2018, Plaintiff and Mataj12 entered into a SynXis Subscription Agreement (the "SynXis Agreement"), which governs Mataj12's access to and use of certain computer programs, applications, features, and services. (*Id.* ¶ 12 & Ex. B). Pursuant to Section 7 of the Franchise Agreement, and Section 5 of the SynXis Agreement, Mataj12 must

1

make certain periodic payments to Plaintiff for royalties, system assessments, taxes, interest, SynXis fees, and other fees (collectively, "Recurring Fees").  (*Id.* Ex. A, § 7 & Ex. B, § 5). Additionally, pursuant to Section 7.3 of the Franchise Agreement, interest is payable on any past due amount owed to Plaintiff under the Franchise Agreement at the rate of 1.5% per month accruing from the due date until the amount is paid.  (*Id.* ¶ 15 & Ex. A, § 7.3).

Effective as of the date of the Franchise Agreement, A. Patel and S. Patel provided Plaintiff with a guaranty (the "Guaranty") of Mataj12's obligations under the Franchise Agreement.  (*Id.* ¶ 19 & Ex. C).  Pursuant to the Guaranty, A. Patel and S. Patel agreed that upon a default under the Franchise Agreement, they would immediately make each payment and perform or cause Mataj12 to perform each unpaid or unperformed obligation of Mataj12 under the Franchise Agreement.  (*Id.* at ¶ 20 & Ex. C).

Plaintiff alleges Mataj12 repeatedly failed to pay the Recurring Fees to Plaintiff in breach of its obligation under the Franchise Agreement. (*Id.* ¶ 22).  By letters dated May 6, 2019, August 21, 2019, December 9, 2019, and February 18, 2020, Plaintiff advised Mataj12 that (i) it was in breach of the Franchise Agreement because it owed Plaintiff outstanding Recurring Fees, (ii) it had 30 days to cure this monetary default, and (iii) if the default was not cured, then the Franchise Agreement might be subject to termination.  (*Id.* ¶¶ 23–26 & Exs. D–G).

On or about May 4, 2020, Plaintiff and Defendants entered into a confidential settlement agreement whereby Mataj12 agreed to pay a sum certain in installments to address the outstanding Recurring Fees owed as of April 14, 2020. (*Id.* ¶ 28).  On August 8, 2020, Plaintiff and Defendants entered into an amended confidential settlement agreement (the "Amended Settlement Agreement") whereby Mataj12 agreed to pay a sum certain in installments (the "Settlement Payments") to address the outstanding Recurring Fees owed as of June 1, 2020 (the "Effective

2

Date"). (*Id.* ¶ 29). Defendants agreed to continue to timely pay all fees and miscellaneous charges accruing under the Franchise Agreement after the Effective Date. (*Id.* ¶ 33). Simultaneously with the execution of the Amended Settlement Agreement, Defendants executed a Warrant of Attorney-Confession of Judgment-Consent to the Entry of Judgment (the "Confession of Judgment") to secure payments due under the Amended Settlement Agreement. (*Id.* ¶ 30 & Ex. I). Pursuant to the Confession of Judgment, Defendants consented to the entry of judgment in the amount of $202,555.54 if Defendants failed to make Settlement Payments in accordance with the terms of the Amended Settlement Agreement. (*Id.* ¶ 31& Ex. I ¶ 1).

Plaintiff alleges Defendants failed to make all of the required Settlement Payments due under the Amended Settlement Agreement. (*Id.* ¶ 32). Plaintiffs further allege Defendants repeatedly failed to pay all Recurring Fees accruing after the Effective Date in breach of the Franchise Agreement and the Amended Settlement Agreement. (*Id.* ¶ 33 & 34).

By letter dated April 12, 2021, Plaintiff advised Mataj12 that (i) it was in breach of the Franchise Agreement because it owed Plaintiff approximately $268,590.58 in outstanding Recurring Fees, (ii) it had 30 days to cure this monetary default, and (iii) if the default was not cured, the Franchise Agreement might be subject to termination. (*Id.* ¶ 27 & Ex. H). Plaintiff argues that to date, Defendants have failed to pay the outstanding amounts due and owing under the terms of the Franchise Agreement. (D.E. No. 8-4[1] ("Mov. Br.") at 3).

On June 11, 2021, Plaintiff filed the Complaint, asserting claims for breach of contract and seeking outstanding Recurring Fees. (Compl. ¶¶ 35–55). On July 21, 2021, Plaintiff submitted proof of service of the Complaint on each Defendant. (D.E. No. 5). On August 17, 2021, the Clerk of Court entered default as to each Defendant.

---

[1] Unless otherwise noted, all references to Docket Entry Number 8-4 refer to the pagination automatically generated by the Court's CM/ECF system.

On September 24, 2021, Plaintiff filed the instant motion, seeking $357,917.22 for outstanding Recurring Fees and prejudgment interest. (D.E. No. 8-3, Proposed Order).

## II. LEGAL STANDARD

A district court may enter default judgment against a party who has failed to plead or otherwise respond to the action filed against him. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, a plaintiff must first request entry of default by the Clerk of Court. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). Once default is entered, a plaintiff seeking default judgment must then file a motion with the district court requesting the relief.

"[E]ntry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted). In making these determinations, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). "While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for

4

the damages specified in the default judgement." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (cleaned up).

## III. DISCUSSION

### A. Jurisdiction

#### i. Subject Matter Jurisdiction

The Court is satisfied that it has subject matter jurisdiction to enter default judgment. District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different States. 28 U.S.C. § 1332(a). A corporation is deemed a citizen of every State where it is incorporated and of the State of its principal place of business. *Id.* § 1332(c). The citizenship of a limited liability company is determined by the citizenship of its members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The citizenship of a natural person is determined by the state where the person is domiciled. *Id.* at 104.

Plaintiff, a limited liability company, is wholly owned by Wyndham Hotel Group, LLC, which is wholly owned by Wyndham Hotels & Resorts, Inc., a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Parsippany, New Jersey. (Compl. ¶¶ 1–3). Plaintiff alleges Defendant Mataj12 is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at W. 1915 Flame Road, Marinette, Wisconsin, 54143. (*Id.* ¶ 4). Defendants A. Patel and S. Patel are citizens of the State of Michigan, having an address at 3651 I-75 Bus. Spur, Sault Sainte Marie, Michigan, 49783. (Mov. Br. at 4 & D.E. No. 5). Plaintiff submits the amount in controversy in this matter, exclusive of prejudgment interest and costs, exceeds $75,000. (*See* Mov. Br. at 4; D.E. No. 8-6,

5

Affidavit of Suzanne Fenimore ("Fenimore Aff."), ¶¶ 27–28; Compl. ¶ 7). Therefore, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a).

### ii. Personal Jurisdiction

The Court has personal jurisdiction over Defendants. Under Section 17 of the Franchise Agreement, Mataj12 consented to "personal jurisdiction . . . in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this [Franchise] Agreement or between [Plaintiff] and [Mataj12]." (Compl. Ex. A, § 17.6.3). Under the Guaranty, A. Patel and S. Patel acknowledged that they are bound by Section 17 of the Franchise Agreement. (Compl. Ex. C).

To determine whether a forum selection clause grants personal jurisdiction, a court must determine (i) whether invoking the forum selection clause would be unreasonable, (ii) whether it is applicable to the claims at issue, and (iii) whether it is applicable to the person or entity at issue. *Infinity Staffing Sols., LLC v. Greenlee*, No. 18-12626, 2019 WL 1233554, at *3 (D.N.J. Mar. 18, 2019). In considering the first factor, "a forum selection clause is presumptively valid unless the party objecting to it can show that enforcement of the clause would be unreasonable under the circumstances." *Cambridge Mgmt. Grp., LLC v. Baker*, No. 12-3577, 2013 WL 1314734, at *8 (D.N.J. Mar. 28, 2013). A party may show that a forum selection clause is unreasonable and unenforceable by demonstrating that (i) it is the result of fraud or overreaching, (ii) enforcement would violate a strong public policy, or (iii) enforcement would result in litigation in a jurisdiction "so seriously inconvenient as to be unreasonable." *Id.* (quoting *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 201 (3d Cir. 1983)); *see also Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (noting courts will enforce such clauses absent a "strong showing" that the clause is unreasonable).

Regarding reasonableness, first, nothing in the record suggests that the forum selection clause was the result of fraud. Second, the Court finds that enforcement would not violate public policy. Indeed, "New Jersey courts routinely find forum-selection clauses *prima facie* valid and enforceable." *Cadapult Graphic Sys.*, 98 F. Supp. 2d at 566 (collecting cases). And such favorable treatment is mirrored in federal courts. *See id.* Third, nothing in the record suggests that litigation in New Jersey would be so inconvenient to Defendants, citizens of Wisconsin and Michigan, as to be unreasonable. *See id.* at 568 (noting that litigation in Oregon was not unreasonably inconvenient for New Jersey litigant because "[b]y executing a forum-selection clause, the parties to the agreement bear the risks of such inconvenience"). Therefore, the Court finds that enforcing the forum selection clause is not unreasonable.

Regarding the last two factors, the Court finds the terms of the forum selection clause in the Franchise Agreement, as well as those in the Guaranty, unambiguous. The forum selection clause is applicable to the claims at issue, which arise out of the Franchise Agreement. (*See* Compl. Ex. A, § 17.6.3). And the clause is applicable to Defendants, specifically, to Mataj12 under the terms of the Franchise Agreement, and also to A. Patel and S. Patel pursuant to the Guaranty. (*See id.*; *see also id.* Ex. C).

Thus, the Court finds that Mataj12, as a signatory to the Franchise Agreement containing the forum selection clause, and A. Patel and S. Patel, as signatories to the Guaranty acknowledging that they are also bound by the forum selection clause, are subject to the Court's personal jurisdiction.

### B. Proper Service

The Court finds that Defendants were properly served. For service to be timely, a plaintiff must serve a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Moreover,

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served in a judicial district of the United States by doing either of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; or (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2). Further, Rule 4(h)(1)(B) provides that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff personally served the summons and Complaint, filed on June 11, 2021, on A. Patel, as authorized representative of Mataj12, on July 20, 2021. (D.E. No. 5 & Compl. ¶ 5). Plaintiff also personally served the summons and Complaint on A. Patel and S. Patel on July 20, 2021. (D.E. No. 5)

Therefore, based on sufficient proof of service as to all Defendants, the Court finds Defendants were timely and properly served.

### C. Sufficient Cause of Action

The Court finds that the Complaint states a sufficient cause of action. The elements of a cause of action for breach of contract are (i) a valid contract, (ii) breach by the defendant, and (iii) resulting damages. *See, e.g.*, *Coyle v. Englander's*, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985). Plaintiff alleges Mataj12 entered into the Franchise Agreement and the SynXis Agreement, and that A. Patel and S. Patel guaranteed Mataj12's obligations under those agreements by entering into the Guaranty. (Compl. ¶¶ 11–13 & 19). Plaintiff alleges Defendants breached the Franchise Agreement, SynXis Agreement, and the Guaranty by failing to pay outstanding Recurring Fees. (*Id.* ¶¶ 14 & 22). Plaintiff further alleges Defendants entered into the

Amended Settlement Agreement and simultaneously executed the Confession of Judgment to secure the Settlement Payments, and that Defendants breached the Amended Settlement Agreement by failing to make all of the required Settlement Payments and pay the Recurring Fees accruing under the Franchise Agreement after the Effective Date. (*Id.* ¶¶ 29–33). Finally, Plaintiff alleges it suffered damages as a result of Defendants' breach, namely the failure to pay the outstanding Recurring Fees due under the Franchise Agreement and the Amended Settlement Agreement. (*Id.* ¶¶ 32–34). Based on these allegations, which are accepted as true, the Court finds that Plaintiff has sufficiently stated a cause of action for breach of contract to establish Defendants' liability for the purpose of default judgment.

### D. Propriety of Default Judgment

The Court finds that default judgement is proper in this action. To determine whether granting default judgment is proper, the Court must make factual findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the current record does not indicate any meritorious defense. *See Malibu Media, LLC v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Moreover, Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has been prevented from seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding that the plaintiff would suffer prejudice if the court did not enter default judgment because the plaintiff "has no other means of seeking damages for the harm caused by Defendant"). Finally, with respect to whether default was the result of culpable conduct, Defendants have not

participated in the litigation despite being served with the Complaint nearly one year ago. *See, e.g.*, *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (noting that the defendant is culpable when there is nothing suggesting that anything other than the defendant's willful negligence caused the failure to answer). Thus, Defendants are culpable for defaulting in this case. For the foregoing reasons, default judgment against Defendants is proper.

**E. Damages**

Plaintiff seeks $357,917.22 for Recurring Fees plus prejudgment interest. (*See* D.E. No. 8-3, Proposed Order). Plaintiff attaches the Franchise Agreement, which provides for Mataj12's obligation to pay Recurring Fees computed pursuant to Section 7 and Schedule C therein, plus interest on any past due amount payable to Plaintiff under the Franchise Agreement at the rate of 1.5% per month. (Compl. Ex. A, § 7.3). Plaintiff also attaches an itemized statement detailing the outstanding Recurring Fees plus interest as of September 10, 2021 in the amount of $357,917.22. (*See* Fenimore Aff., Ex. J).

Based on the statements and documents provided by Plaintiff, the Court finds that there is a basis for the damages specified in the motion, *Days Inns Worldwide*, 2015 WL 5055318, at *2, and that Plaintiff is entitled to the amount of Recurring Fees plus interest, for a total of $357,917.22.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment against Defendants. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
